STATE

v.

**Michael A. KOWAL.**

No. 2008–249–C.A.

Supreme Court of Rhode Island.

Oct. 15, 2010.

Aaron L. Weisman, Department of Attorney General, Providence, for State.

Michael A. Kowal, Pro Se.

## ORDER

Before this Court is a *pro se* appeal by the defendant, Michael A. Kowal (defendant or Kowal), from a judgment of conviction for driving a motor vehicle with an expired license in violation of G.L. 1956 § 31–11–18.[1] This case came before the Supreme Court for oral argument on September 28, 2010, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the parties' submitted memoranda, we are satisfied that cause has not been shown, and we proceed to decide the appeal at this time. For the reasons set forth in this order, we affirm the judgment of the Superior Court.

Prior to trial in Superior Court on October 31, 2007, Kowal, who appeared *pro se,* moved for a continuance to allow him time to obtain a valid license. The trial justice denied the motion. The trial justice next heard defendant's motion to dismiss.

Kowal submitted a memorandum to support his "motion to dismiss[ ] on the grounds the prosecution has no jurisdiction over the defendant." The trial justice denied defendant's motion to dismiss, as well.

The trial then proceeded, with the state presenting two witnesses to support its case: Sergeant Ernest Lavigne of the West Warwick Police Department and Cheryl DiOrio, an appeals officer at the Division of Motor Vehicles Operator Control. Sergeant Lavigne testified to the facts underlying the traffic stop on June 12, 2007, and his discovery that defendant was operating his motor vehicle with an expired license. Ms. DiOrio presented defendant's "motor vehicle abstract" and testified that the abstract showed that defendant's license expired on August 10, 2006. The state then rested its case. The defendant presented no evidence, but during his closing argument, he produced an order signed by the trial justice granting his brother's motion to expunge a record of arrest, which he asserted demonstrated the trial justice's bias against him.

The jury found defendant guilty of driving a motor vehicle with an expired license. The trial justice imposed a suspended sentence of thirty days at the Adult Correctional Institutions with probation and a fine of $500 and court costs. *See* § 31–11–18(c). The defendant timely appealed to this Court.

Kowal raises three issues that are reviewable on appeal. First, he argues that the trial justice erred when he denied defendant's motion for a continuance. Second, defendant argues that the trial justice erred when he denied defendant's motion

---

1. General Laws 1956 § 31-11-18(a) provides: "Any person who drives a motor vehicle on any highway of this state who never applied for a license, or who drives after his or her application for a license has been refused, or after his or her license has expired or who otherwise drives without a license, or at a time when his or her license to operate is suspended, revoked, or cancelled, for reasons other than those provided for in § 31-11-18.1, shall be guilty of a misdemeanor."

to dismiss for lack of jurisdiction because the trial justice based his decision "on an opinion not fact." Third, he contends that the trial justice was biased against him because the trial justice had years earlier granted his brother's motion to expunge. Thus, he asks this Court "to [a]cquit [d]efendant of all charges."

"The grant or denial of a motion to continue a case lies at the sound discretion of the trial justice." *State v. Gordon*, 880 A.2d 825, 833 (R.I.2005) (citing *State v. Caprio*, 819 A.2d 1265, 1269 (R.I.2003)). Therefore, "[t]his Court 'will not disturb a hearing or trial justice's decision on a motion to continue absent an abuse of discretion.'" *State v. Gilbert*, 984 A.2d 26, 31 (R.I.2009) (quoting *State v. Goncalves*, 941 A.2d 842, 846 (R.I.2008)). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reason presented to the trial justice at the time the request is denied." *Gordon*, 880 A.2d at 833 (quoting *State v. Leonardo*, 119 R.I. 7, 11, 375 A.2d 1388, 1390 (1977)). When Kowal requested the continuance, he indicated to the trial justice that he "would need 30 days" to get his license. The record reveals that Kowal had ample opportunity to obtain a valid license before his trial. However, as the trial justice also noted, even if Kowal did obtain a valid license, the charges against him would remain unaffected. The defendant also argues for the first time on appeal that the trial justice abused his discretion because it was defendant's first appearance in Superior Court and the state's discovery response was untimely. These arguments are equally unavailing. Accordingly, we hold that the trial justice did not abuse his discretion when he denied defendant's motion for a continuance so that he might have time to obtain a valid license.

The defendant also argues that the trial justice erred when he denied his pretrial motion to dismiss for lack of jurisdiction. He says that the trial justice denied the motion based "on an opinion not fact." Kowal has offered only a vague religiously oriented argument about why the Superior Court did not have jurisdiction over him. He has directed us to no legal authority that supports his position. In the furtherance of public safety, § 31–11–18 equally applies to defendant as it does to all other motor-vehicle operators in Rhode Island. *See State v. Garvin*, 945 A.2d 821, 824 (R.I.2008) (holding that § 31–11–18 applied to the defendant "regardless of his unwillingness to recognize the federal government"). We are satisfied that the trial justice's ruling properly was grounded in the law and the facts rather than merely his own personal opinion. In our view, the trial justice did not err when he denied defendant's pretrial motion to dismiss for lack of jurisdiction.

Finally, Kowal argues that the jury "should have been enlightened" to the possibility that the trial justice was biased because the trial justice had granted a motion to expunge in favor of defendant's brother. "While the existence of bias or prejudice on behalf of a justice is proper grounds for recusal, the person seeking recusal bears the burden of establishing a lack of real or apparent impartiality." *State v. Sampson*, 884 A.2d 399, 405 (R.I. 2005) (citing *In re Antonio*, 612 A.2d 650, 653 (R.I.1992)). Like the trial justice, we are unable to see how the trial justice's grant of the defendant's brother's motion in 2002 biased the trial justice against the defendant. A careful review of the record reveals that Kowal's accusation about the trial justice's bias is wholly unsubstantiated. Therefore, Kowal did not meet his "substantial burden." *Id.* (quoting *In re Yashar*, 713 A.2d 787, 790 (R.I.1998)).

For the reasons set forth in this order, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.