**Supreme Court**
No. 2025-192-Appeal.
(W 19-2200M)

Kelly K. Fitzgerald       :

v.                :

James W.A. Jackson.      :

**O R D E R**

James W.A. Jackson (Mr. Jackson or defendant), a self-represented litigant, appeals from an order of the Family Court denying his motion seeking recusal of the trial justice assigned to adjudicate custody of Mr. Jackson and Kelly K. Fitzgerald's (Ms. Fitzgerald or plaintiff) minor children (the children). This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this case without further briefing or argument. For the reasons set forth in this order, we affirm the order of the Family Court.

Mr. Jackson's motion to recuse the trial justice arose in the context of a drawn-out custody, visitation, and child support dispute against Ms. Fitzgerald, the children's mother. This Court recited the facts and prior procedural history of the

underlying family dispute in *Fitzgerald v. Jackson*, 307 A.3d 1283 (R.I. 2024); we need not repeat them here. It suffices to note that we remanded the papers with the explicit expectation "that the case will proceed as expeditiously as possible" to an "evidentiary hearing on the fundamental issues of custody and visitation * * *." *Fitzgerald*, 307 A.3d at 1293.

Once back in the Family Court, however, Mr. Jackson renewed a challenge to the Family Court's jurisdiction, this time pressing an argument under G.L. 1956 § 15-14.1-20.[1] In June 2024, a justice of the Family Court (hearing justice) rejected that challenge, following a hearing at which Mr. Jackson was permitted to attend by WebEx, and further ordered a comprehensive visitation schedule for the summer of 2024. Mr. Jackson thereafter filed several additional motions, including a motion to join his minor daughter's biological father as a party, a motion to expedite a hearing on Mr. Jackson's earlier-filed motion to dismiss the case, and a motion to reconsider the decision of the hearing justice who rejected the renewed challenge to jurisdiction.

On May 15, 2025, Mr. Jackson filed the motion seeking recusal that is at issue in this appeal. In seeking recusal of the justice of the Family Court who was subsequently assigned to dispose of the additional motions and to adjudicate custody

---

[1] General Laws 1956 § 15-14.1-20 is a portion of the Uniform Child Custody Jurisdiction and Enforcement Act which provides that a court "shall decline to exercise its jurisdiction" where "a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct * * *."

(trial justice), Mr. Jackson cited the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Rule 2.11 of the Rhode Island Code of Judicial Conduct, which requires a judge to recuse from "any proceeding in which the judge's impartiality might reasonably be questioned * * *." In sum, his motion argued that the trial justice demonstrated bias by not granting him visitation rights,[2] by failing to decide numerous pending motions, by allegedly making statements and rulings that discriminated against him, and by "suppress[ing] evidence."

At a hearing on the motion to recuse, at which Mr. Jackson again appeared by WebEx, the trial justice noted that Mr. Jackson had filed most of the "dozen or so more motions" filed in the two months before the hearing and that those motions could not be resolved until she decided Mr. Jackson's motion to recuse. The trial justice proceeded to hear argument from both parties, permitted Mr. Jackson to enter evidence into the record, and subsequently denied Mr. Jackson's motion. In issuing her ruling from the bench, the trial justice noted that she "reviewed the appropriate documents as well as the exhibits, the exhibits that have been marked by both sides, and * * * also reviewed the judicial canons, * * * [and] the case law." She found that "no ground exists to disqualify me under the rules or the case law" and denied

---

[2] We observe that the June 2024 order of the Family Court outlined a detailed visitation schedule for the summer of 2024. We are aware of no impediment to Mr. Jackson's ability to visit the children beyond his residency abroad.

the motion. Mr. Jackson moved to stay the denial of his motion to recuse, which the trial justice granted.

Before this Court, Mr. Jackson argues that the trial justice's failure to recuse violated the canons of judicial ethics; and that during the litigation, the trial justice violated the Due Process and Equal Protection clauses of the United States Constitution, failed to rule on certain motions, and excluded his evidence.

A litigant seeking the recusal of a trial justice must "affirmatively establish 'that the judicial officer possesses a personal bias or prejudice by reason of a preconceived or settled opinion of a character calculated to impair his or her impartiality seriously and to sway his or her judgment.'" *In re Adele B.*, 229 A.3d 671, 682-83 (R.I. 2020) (quoting *State v. McWilliams*, 47 A.3d 251, 260 (R.I. 2012)). Appellate review of a decision on a motion to recuse is for an abuse of discretion. *See Kelly v. Rhode Island Public Transit Authority*, 740 A.2d 1243, 1246 (R.I. 1999) (applying a deferential standard to a trial justice's decision on a motion to recuse); *see also United States v. Gottesfeld*, 18 F.4th 1, 17 (1st Cir. 2021).

Mr. Jackson argues that the trial justice displayed bias by failing to timely rule on several of his pending motions. We disagree. Trial justices have considerable discretion in managing their docket. *See Coates v. Ocean State Jobbers, Inc.*, 18 A.3d 554, 558 (R.I. 2011) ("The widest discretion must be given to calendar justices and trial justices in managing a trial calendar, a task that is among the most difficult

of all judicial assignments.") (brackets and internal quotation marks omitted) (quoting *Bergeron v. Roszkowski*, 866 A.2d 1230, 1235 (R.I. 2005)). Here, the trial justice prioritized Mr. Jackson's motion to recuse over other pending motions so that she could address the important threshold question regarding her adjudication of the case. We discern no ethical transgression from her decision to so proceed or from her other scheduling decisions. Moreover, Mr. Jackson has not provided this Court with any legal basis on which to conclude that the delay in scheduling his motion to reconsider the hearing justice's order concerning jurisdiction[3] affirmatively established evidence of bias or prejudice that would impair her ability to act impartially in the case. *See In re Adele B.*, 229 A.3d at 682-83.

Mr. Jackson also takes issue with rulings by the trial justice which purportedly prevented him from presenting evidence in support of his case. However, "adverse rulings alone do not show bias or prejudice," and we cannot conclude that the trial justice's discretionary evidentiary rulings constitute evidence of "a preconceived or settled opinion of a character calculated to impair [the trial justice's] impartiality seriously and to sway * * * her judgment." *In re Adele B.*, 229 A.3d at 682-83 (first

---

[3] In his papers before this Court, Mr. Jackson argued that the trial justice failed to timely decide his motion to dismiss for lack of jurisdiction. However, Mr. Jackson clarified at argument, at which he once again appeared virtually, and in his supplemental briefing that he was in fact seeking a hearing on his motion to *reconsider* the earlier ruling on his jurisdictional motion to dismiss.

quoting *In re Antonio*, 612 A.2d 650, 654 (R.I. 1992); then quoting *McWilliams*, 47 A.3d at 260).

Our review of the remainder of the record satisfies us that the trial justice reached a rational conclusion on the motion to recuse. *See Gottesfeld*, 18 F.4th at 17. Before the trial justice and in this Court, Mr. Jackson asserts that his due process rights were violated; it is evident, however, that the trial justice provided Mr. Jackson, who proceeded in this litigation without counsel and from Australia, with ample opportunity to file and be heard via WebEx on motions which she dutifully considered without evidence of bias in favor of either party.[4] *See Cavanagh v. Cavanagh*, 118 R.I. 608, 622, 375 A.2d 911, 918 (1977) (declining to infer bias where no evidence trial justice "had closed his mind to [a party's] side of the case"). Finally, Mr. Jackson makes a series of arguments which purport to establish that the trial justice violated Rhode Island Code of Judicial Conduct 2.11. Our review of the record, however, satisfies us that there is no reason to question the trial justice's impartiality considering her efforts to provide both parties with ample opportunity to litigate the issues of custody, child support, and visitation of their minor children. Ultimately, Mr. Jackson points to nothing that, under our caselaw, could be considered evidence supporting recusal.

---

[4] We commend the hearing justice and the trial justice for permitting and scheduling Mr. Jackson to appear by WebEx.

Accordingly, we affirm the order of the Family Court justice denying the defendant's motion to recuse and remand the papers to that court.

Entered as an Order of this Court this 25th day of June, 2026.

By Order,

_____/s/ Meredith A. Benoit_____

Clerk

Justice Lynch Prata did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Kelly K. Fitzgerald v. James W.A. Jackson. | |
| **Case Number** | No. 2025-192-Appeal.<br>(W 19-2200M) | |
| **Date Order Filed** | June 25, 2026 | |
| **Justices** | Suttell, C.J., Robinson, Long, and Flaherty (ret.), JJ. | |
| **Source of Appeal** | Washington County Family Court | |
| **Judicial Officer from Lower Court** | Associate Justice Karen Lynch Bernard | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Felicia A. Manni-Paquette, Esq. | |
| | For Defendant:<br><br>James W.A. Jackson, *pro se* | |